UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:07-233-KKC

LARRY COOK,                                                                                                          PLAINTIFF

v.                                       **OPINION AND ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                            DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the Cross Motions for Summary Judgment filed by Plaintiff, Larry Cook [R. 7], and Defendant, Commissioner Astrue [R. 10]; the Magistrate Judge's Report and Recommendation, which recommended that Plaintiff's Motion be denied and Defendant's Motion be granted [R. 12]; and Plaintiff's Objections to this Report and Recommendation [R. 13].

Pursuant to 28 U.S.C. § 636(b)(1), the Court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which objections are made. For the reasons stated below, Plaintiff's Objections are **OVERRULED**, the Magistrate Judge's Report and Recommendation is **ADOPTED** over Plaintiff's Objections, Plaintiff's Motion for Summary Judgment is **DENIED**, and Defendant's Motion for Summary Judgment is **GRANTED**.

**I.  Background**

On October 27, 2004, Plaintiff filed an application with the Social Security Administration for disability insurance benefits, pursuant to the Social Security Act. Plaintiff alleges that on July 7, 2004, he became disabled due to a heart condition, with related pain and

fatigue. Plaintiff also claims that various mental ailments adversely affect his ability to maintain employment. In the fifteen years prior to his alleged onset date of disability, Plaintiff had been employed as a contractor, an electrician/repairman, and a mechanic. Plaintiff was forty-four years old at the alleged onset of his disability.

As evidence for his disability claim, Plaintiff offered the medical treatment records of his physicians, Dr. Larry Ertel, Dr. Harry Lim, and Dr. Rodney Handshoe. Drs. Ertel and Lim provided much more extensive records than Dr. Handshoe. The date of the last physical residual functional capacity assessment was January 31, 2005. In addition, Dr. Handshoe completed a "Medical Source Statement (Cardiac)" on August 3, 2006. In this statement, Dr. Handshoe opined that Plaintiff was extremely limited in his functional capacity and was not able to perform substantial gainful employment. On the other hand, the ALJ noted Dr. Lim's contrary assessment that Plaintiff's major problem is most likely a combination of obesity and deconditioning. [Transcript, at 21].

On March 13, 2006, the medical record revealed that Plaintiff had a regular blood pressure, that there was no increase in venous pressure, and that there were clear breathing sounds in his chest. On April 12, 2006, Dr. Handshoe diagnosed Plaintiff with chronic angina, coronary artery disease, and fatigue, and prescribed medication. There was evidence that in February 2006, Plaintiff was non-compliant with his prescription medication, and that during this period, Plaintiff's angina improved. Plaintiff has never received mental health treatment, but he does take Wellbutrin for depression.

Plaintiff's application for social security disability benefits was denied on February 1, 2005, and upon reconsideration on May 20, 2005. On August 8, 2006, Plaintiff's claim was

heard by Administrative Law Judge [hereinafter "ALJ"] Don Paris.  The ALJ rejected Plaintiff's claim in a written opinion on September 18, 2006.  The ALJ found that Plaintiff had the severe impairments of "obesity; single vessel coronary artery disease and chronic diastolic heart failure with chronic angina/fatigue, status post-posterior myocardial infarction; an adjustment disorder; and a pain disorder due to his cardiac condition." [Transcript, at 19].  The ALJ went on to find that these severe impairments did not meet or equal one of the listed impairments in the social security regulations.  Though the ALJ found that Plaintiff's residual functional capacity prevented him from performing his past relevant work, the ALJ also found that a significant number of jobs existed in the national economy that accommodated Plaintiff's functional capacity.  Due to these findings, Plaintiff was not determined to be disabled within the meaning of the Social Security Act.  In reaching his conclusions, the ALJ rejected Dr. Handshoe's medical statement "because it is inconsistent with the medical evidence of record and with treating cardiologist Lim's assessment that the claimant's main problem is most likely a combination of obesity and deconditioning."  [Transcript, at 21].

Plaintiff then appealed the ALJ's decision to the Social Security Appeals Council, which denied Plaintiff's request for review.  Afterwards, Plaintiff filed suit in this Court on July 7, 2007, where he and Defendant each filed their Motions for Summary Judgment.  Plaintiff's sole argument was that the ALJ was required to recontact Dr. Handshoe regarding his medical capacity statement, and that the ALJ's failure to do so is reversible error.  Defendant in turn argues that, since there was adequate record evidence from which the ALJ could decide that Plaintiff was not disabled, the ALJ was not required to recontact Dr. Handshoe regarding his statement.

The Motions for Summary Judgment were referred to the Magistrate Judge for his review. On February 15, 2008, the Magistrate Judge issued a Report and Recommendation which recommended denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment. The Magistrate Judge determined that the ALJ was not required to recontact Dr. Handshoe regarding his medical statement under 20 C.F.R. § 404.1512(e)(1). The Magistrate Judge stated that these regulations only require the ALJ to recontact a medical source if the evidence from that source is "inadequate." Report and Recommendation, at 7. The evidence could only be inadequate in three instances: "if the report contains a 'conflict or ambiguity that must be resolved,' if it 'does not contain all the necessary information,' or if the report does not appear to be based on acceptable medical techniques." *Id.* The Magistrate Judge determined that Plaintiff's case did not invoke any of these three situations. According to the Magistrate Judge, the ALJ did not reject Dr. Handshoe's statement because it was inadequate, "rather, the ALJ in the present case simply rejected Dr. Handshoe's opinion because it was inconsistent with other medical evidence of record." *Id.* at 8. Specifically, as the Magistrate Judge noted, Dr. Handshoe's assessment conflicted with that of Dr. Lim. *Id.* at 7. As such, the Magistrate Judge concluded that the ALJ's decision to reject Dr. Handshoe's medical opinion because it conflicted with another doctor's did not require the ALJ to recontact Dr. Handshoe, since "[a] disagreement between two medical professionals does not render the opinion of one 'inadequate' under the regulations." *DeBoard v. Comm'r of Soc. Sec.*, 211 Fed. Appx. 411, 416 (6th Cir. 2006).

Plaintiff filed Objections to the Report and Recommendation on February 22, 2008. Plaintiff's sole argument in his Objections is that *DeBoard v. Commissioner of Social Security*,

4

which the Magistrate Judge partially relied on in reaching his recommended disposition, is distinguishable from the present case. Since this is Plaintiff's only objection to the Report and Recommendation, the Court will limit its review to this single argument.

## II.     Analysis

Plaintiff claims that *DeBoard v. Commissioner of Social Security*, 211 Fed. Appx. 411 (6th Cir. 2006), is distinguishable from the present case, and that the Magistrate Judge's partial reliance on it in reaching his recommendation was therefore in error. In *DeBoard*, the plaintiff's application for disability insurance benefits was rejected by the ALJ, and this rejection was affirmed by the district court. *DeBoard*, 211 Fed. Appx. at 412-13. On appeal to the Sixth Circuit Court of Appeals, the plaintiff argued that the ALJ had erred in several ways, including by denying plaintiff's request to recontact her treating source, Dr. Cooke, so as to submit additional questions and evidence to the doctor after her hearing. *Id.* at 416. Dr. Cooke had assigned her a higher global assessment functioning score than the plaintiff's previous medical provider, Pathways, Inc.[1] Recontacting Dr. Cooke would allow the plaintiff to determine Dr. Cooke's rationale for assessing the higher score. *Id.*

The Court of Appeals denied the plaintiff's request to recontact Dr. Cooke to explain his rationale for the different score. The Court stated that an ALJ "need recontact a medical source only if the evidence received from that source is 'inadequate' for a disability determination." *Id.* (citing 20 C.F.R. § 404.1512(e)). Here, the ALJ had not erred in refusing to recontact Dr. Cooke, because "[a] disagreement between two medical professionals does not render the opinion of one

---

[1] "'The [Global Assessment Functioning] score is a subjective determination that represents "the clinician's judgment of the individual's overall level of functioning."'" *DeBoard*, 211 Fed. Appx. at 416 (quoting *Wesley v. Comm'r of Soc. Sec.*, 2000 U.S. App. LEXIS 2265, at *3 (6th Cir. Feb. 11, 2000) (citation removed).

'inadequate' under the regulations." *Id.* The Court continued:

> Dr. Cooke reviewed the records from Pathways and conducted his own exam and arrived at a score different from that assigned by Pathways. DeBoard submits nothing to demonstrate that the score assigned by Dr. Cooke on the Global Assessment Functioning exam was inadequate except that it did not match the score she received from Pathways. The Administrative Law Judge stated that he reviewed the whole medical record and he made specific references in the opinion to the treatment received by DeBoard at Pathways.

*Id.* Plaintiff in the present case argues that, purportedly in contrast to *DeBoard*, "in the case at bar no medical professional had an opportunity to review Dr. Handshoe's medical source statement for its medical significance." Objections to Report and Recommendation, at 2.

Far from being distinguishable, *DeBoard* is actually precisely on point with the present case. In both cases, plaintiffs are arguing that an ALJ improperly failed to recontact the plaintiff's treating source after the source submitted an opinion. In both cases, an ALJ was forced to make a determination of disability from record evidence, part of which consisted of conflicting medical opinions. In neither case were the medical opinions themselves "inadequate" within the meaning of 20 C.F.R. § 404.1512(e), they were merely inconsistent with other evidence and other medical opinions. Since the cases involve the same circumstances, they should result in the same outcome.

Moreover, contrary to Plaintiff's argument, the fact that Dr. Handshoe's statement was not reviewed by other medical professionals does not distinguish this case from *DeBoard*. On the contrary, this is yet another aspect of the case that makes it analogous to *DeBoard*. As with Dr. Handshoe's statement, there is no indication in *DeBoard* that Dr. Cooke's statement was reviewed by other medical professionals. The Court of Appeals stated that "*Dr. Cooke reviewed the records from Pathways*," *id.* (emphasis added), *not* that Dr. Cooke's statement was reviewed

6

by Pathways (or any other medical professionals). Dr. Cooke in *DeBoard* and Dr. Handshoe in the present case are the doctors that the plaintiffs wanted recontacted. In neither case is there any assertion that *either* of these doctors' opinions were reviewed by other medical professionals. The mere fact that Dr. Cooke reviewed other medical professionals' findings obviously does not mean that Dr. Cooke's findings were reviewed by other medical professionals, so as to distinguish *DeBoard* from the present case. Plaintiff's apparent confusion about the fact pattern in *DeBoard* does not serve to distinguish *DeBoard* from his own case. This objection is without merit.

**WHEREFORE**, For the reasons stated above:

1. The Plaintiff's Objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **ADOPTED** as the Opinion of the Court;

3. The Plaintiff's Motion for Summary Judgment is **DENIED**; and

4. The Defendant's Motion for Summary Judgment is **GRANTED.**

Dated this 27th day of February, 2008.



Signed By:
*Karen K. Caldwell*
United States District Judge